1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF CALIFORNIA

7
                                    )    1:05-cv-00280 OWW SMS
8   KINGVISION PAY-PER-VIEW, LTD.,  )
                                    )    MEMORANDUM DECISION AND
9           Plaintiff,              )    ORDER RE CROSS-DEFENDANT
                                    )    DISH NETWORK'S MOTION TO
10      v.                          )    DISMISS (DOC. 14)
                                    )
11  ALFONSO ROCCO MANENTE, and MARY )
    CATHERINE MANENTE, individually )
12  and d/b/a MANENTE SPORTS BAR,   )
                                    )
13                                  )
            Defendants.             )
14  _____ )
                                    )
15  ALFONSO ROCCO MANENTE, and MARY )
    CATHERINE MANENTE, individually )
16  and d/b/a MANENTE SPORTS BAR,   )
                                    )
17                                  )
            Cross-Complainants,     )
18                                  )
                                    )
19      v.                          )
                                    )
20  DISH NETWORK Service            )
    Corporation, a Division of      )
21  EchoStar Satellite, L.L.C., and )
    DOES 1 through 10,              )
22                                  )
            Cross-Defendants.       )
23  _____ )

24

25                 I.    INTRODUCTION

26

27      Cross-Defendant DISH Network Service L.L.C. (f/k/a DISH

28  Network Service Corporation) ("DISH") moves to dismiss the cross-

                              1

1  claims of defendants and cross-complainants ALFONSO ROCCO

2  MANENTE, and MARY CATHERINE MANENTE, individually and d/b/a

3  MANENTE SPORTS BAR ("Defendants").  Defendants oppose the motion.

4

5                    II.   **PROCEDURAL HISTORY**

6

7        This case arises out of the complaint of Plaintiff

8  KingVision Pay-Per-View, Ltd. ("KingVision"), that defendants and

9  cross-complainants Alfonso and Mary Manente (d/b/a Manente Sports

10 Bar) unlawfully exhibited a televised pay-per-view boxing match

11 in violation of two federal statutes, the Communications Act of

12 1934 (47 U.S.C. § 605) and the Cable & Television Consumer

13 Protection and Competition Act of 1992 (47 U.S.C. § 553), and

14 state law (conversion).  (Doc. 1, Compl. ¶¶ 1, 11-23)

15       On May 17, 2005, Defendants filed a "cross-complaint"

16 against DISH, their satellite service provider, for

17 indemnification.[1]  (Doc. 8, Cross-Compl. ¶¶ 8-15, 16-18, 19-21)

18 DISH filed a motion to dismiss all claims in the cross-complaint

19 on June 10, 2005.  (Doc. 14, DISH's Mem.)  Defendants filed

20 opposition on July 1, 2005.  (Doc. 20, Defs.' Opp.)  DISH replied

21 on July 21, 2005.  (Doc. 23, DISH's Reply)

22       Oral argument was heard on September 19, 2005.  Thomas P.

23 Riley, Esq., appeared on behalf of Plaintiff KingVision.  David

24 C. Mathias, Esq., appeared on behalf of Defendants.  Joseph

25

26       [1] A cross-complaint, a procedure recognized under California

27 state law to join a party, not presently a party to an existing
   party, is not authorized under federal law.  *See* Fed. R. Civ. P.

28 7, 13, and 14 regarding third-party practice.

                              **2**

1  Marchini, Esq., appeared on behalf of DISH.

2

3                    II.    **SUMMARY OF PLEADINGS**

4

5       Plaintiff KingVision alleges that Defendants unlawfully
6  exhibited a televised pay-per-view boxing match in violation of
7  the Communications Act of 1934 and the Cable & Television
8  Consumer Protection and Competition Act of 1992, 47 U.S.C.
9  §§ 605, 553 ("Acts").  Defendants brought several cross-claims
10 against their satellite service provider, DISH, alleging that
11 Defendants are entitled to complete indemnity from DISH.  First,
12 Defendants base their claim on allegations that DISH was
13 "negligent or otherwise responsible for and proximately caused"
14 the exhibition of the boxing match.  (Doc. 8, Cross-Compl. ¶ 11)
15 Second, Defendants allege that DISH "breached [its] contract with
16 Plaintiff [i.e., KingVision]" and caused the exhibition of the
17 boxing match.  (*Id.* at ¶ 12)
18      Defendants bring three cross-claims against DISH:
19 (1) Indemnification; (2) Apportionment of Fault; and (3)
20 Declaratory Relief.

21

22                    III.    **LEGAL STANDARD**

23

24      Fed. R. Civ. P. 12(b)(6) allows a defendant to attack a
25 complaint for failure to state a claim upon which relief can be
26 granted.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is
27 disfavored and rarely granted:  "[a] complaint should not be
28 dismissed unless it appears beyond doubt that plaintiff can prove

                              **3**

no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

"The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For example, matters of public record may be considered under Fed. R. Civ. P. 201, including pleadings, orders and other papers filed with the court or records of administrative bodies. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV.   **ANALYSIS**

#### A.   **Federal Claims.**

Defendants allege that they are entitled to indemnity from DISH for their claims under 47 U.S.C. §§ 553 and 605.  These sections "prohibit receiving, viewing, and publishing

**4**

misappropriated signals acquired via satellite." *Don King*, 950
F. Supp. at 289.  DISH argues that Defendants' federal law claims
should be dismissed because indemnity for these causes of action
is not permitted as a matter of law.  In support of its argument,
DISH relies solely on a case decided by a district court in the
Eastern District of California, *Don King Prods./KingVision v.
Ferreira*, 950 F. Supp. 286 (E.D. Cal. 1996), *aff'd sub. nom.*,
*Doherty v. Wireless Broad. Systs. of Sacramento, Inc.*, 151 F.3d
1129 (9th Cir. 1998).

In *Don King*, the defendant admitted it exhibited a program
he was not entitled to view in violation of 47 U.S.C. §§ 553 and
605.  The defendant cross-claimed for indemnity against his
satellite service provider.  The defendant argued he was entitled
to indemnity because the satellite company was obligated "to
provide him with properly functioning equipment to block his
receipt of programs he was not authorized to view...."  *Id*. at
289.  Similarly, Defendants here cross-claim for indemnity
against DISH, arguing that the satellite company should indemnify
them because it was obligated to take measures to ensure
Defendants did not receive programs they were not authorized to
view.

Whether a party has a right to indemnity for federal claims
is governed by federal law.  *Don King*, 950 F. Supp. at 288
(citing *Mortgages, Inc. v. U.S. Dist. Ct. for Dist. of Nev. (Las
Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991)); *see also Doherty*, 151
F.3d at 1130-31.  "A defendant held liable under a federal
statute has a right to contribution or indemnification from
another who has also violated the statute only if such right

**5**

arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Mortgages, Inc.*, 934 F.2d at 212; *see also Doherty*, 151 F.3d at 1130-31.

Applying this principle to alleged violations under the Communications Act and the Cable & Television Act (47 U.S.C. §§ 553 and 605), the court in *Don King* held there was no right to indemnity under either Act, reasoning that:  (1) nothing in either Act mentions or implies a right to indemnity; and (2) there was no reason to create a federal common law right to indemnity under either Act.  The *Don King* court based its reasoning on provisions of the Acts themselves.  First, the court noted that because "Congress has established a comprehensive remedial scheme" to deal with violations of these statutes, there was little reason to create a federal common law right to indemnity interfering with this scheme.  *Id.* at 289.

Second, the court noted that each Act provides for a minimum level of statutory damages even for those violators who are not aware that they violated the statute.  47 U.S.C. § 553(c)(3)(C) ("In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100"); 47 U.S.C. § 605(c)(3)(C)(iii) ("In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.").

Defendants offer no persuasive basis upon which to distinguish *Don King*.  Defendants are not entitled to indemnity for the federal claims under 47 U.S.C. §§ 553 and 605.  DISH's Motion to Dismiss Defendants' federal claims is **GRANTED WITH PREJUDICE.**

   **B.   State Claims.**

Defendants also claim they are entitled to indemnity for their state law conversion claim.  Whether a party has a right to indemnity for state law claims is governed by state law. *Don King*, 950 F. Supp. at 288.  Indemnity "may be defined as the obligation resting on one party to make good a loss or damage another party has incurred."  5 Witkin, *Summary of California Law* § 112 (10th ed. 2005) (quoting *Rossmor Sanitation v. Pylon*, 13 Cal. 3d 622, 628 (1975)).

"The right of indemnity is either express or implied (equitable)."  5 Witkin at § 112 (citing *Bay Dev., Ltd. v. Super. Ct.*, 50 Cal. 3d 1012, 1030 (1990)).  Express indemnification arises "by virtue of express contractual language...."  *Id.* Implied or equitable indemnification may arise by the equities of the particular case, or impliedly by contractual language that does not specifically deal with indemnification.  *Id.*  Under California law, "comparative equitable indemnification" exists to correct potential injustice, and is applied to multiple tort-feasors to apportion loss in relation to their relative culpability.  *Baird v. Jones*, 21 Cal. App. 4th 684, 689-90 (1993).

Defendants make two arguments supporting their entitlement

1  to equitable indemnification for their conversion claim.  First,

2  they argue that they are entitled to indemnity based on DISH's

3  negligence, specifically that DISH was negligent in allowing the

4  signal for the unauthorized boxing match to be transmitted to

5  Defendants' restaurant in the first place.  (Doc. 8, Counter-

6  Complaint at § 11)  Second, they argue they are entitled to

7  indemnity by virtue of DISH's alleged breach of a contract it had

8  with Plaintiff KingVision.  (*Id*. at ¶ 12)

9

10              **1.   Indemnity Based on Negligence.**

11      The first issue is whether Defendants state a claim for

12  indemnity against DISH for Plaintiff's conversion claim based

13  upon DISH's purported negligence.

14      California law provides that a strictly liable or reckless

15  party is entitled to indemnity from a negligent party.  *Allen v.*

16  *Sundean*, 137 Cal. App. 3d 216, 225-26 (1982); *see Baird*, 21 Cal.

17  App. 4th at 690 (recognizing that comparative equitable indemnity

18  is applied among negligent defendants and strictly liable

19  defendants); *In re Nat'l Mortgage Equity Corp. Mortgage Pool*

20  *Certificates Sec. Litig.*, 682 F. Supp. 1073 (C.D. Cal. 1987)

21  (recognizing that under California law, comparative equitable

22  indemnity is available between a negligent tortfeasor and a

23  reckless tortfeasor); Cal. Jur. 3d, *Contribution and*

24  *Indemnification* § 90 (2005) (same).

25      However, a party who commits an intentional tort is not

26  entitled to indemnity from a negligent party.  *Sundean*, 137 Cal.

27  App. 3d at 225-26; *Weidenfeller v. Star and Garter*, 1 Cal. App.

28  4th 1, 6 (1991) (recognizing that comparative equitable indemnity

**8**

does not allow intentional tortfeasor to shift loss to negligent tortfeasor); Cal. Jur. 3d *Contribution and Indemnification* at § 90; 3 Cal. Transactions Forms § 20:18 (2005) (noting that an intentional tortfeasor may obtain indemnity from another intentional tortfeasor, but that no cases hold that an intentional tortfeasor may obtain indemnity from a negligent tortfeasor).

Whether Defendants can state a claim for indemnity against DISH depends upon whether conversion is an intentional tort. California case law refers to conversion as both a strict liability tort and an intentional tort.[2]  *Irving Nelkin & Co. v. South Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 699 (2005) ("Conversion is a species of strict liability in which questions of good faith, lack of knowledge and motive are ordinarily immaterial."); *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 544 (1996) ("[c]onversion is a...strict liability tort."); *Burlesci v. Peterson*, 68 Cal. App. 4th 1062, 1066 (1998) ("Conversion is a strict liability tort."); 5 Witkin at § 713 ("The act constituting conversion must be knowing or intentional."); *Collin v. Amer. Empire Ins. Co.*, 21 Cal. App. 4th 787 (noting that "conversion is an intentional tort.").

Conversion is an intentional tort in the sense that the defendant's action must be willful, although the tortfeasor need not intend the consequences.  *See* 18 Am. Jur. 2d Conversion § 3

---

[2] The elements of conversion are: (1) the plaintiff's ownership or right to the property; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages. *Burlesci v. Peterson*, 68 Cal. App. 4th 1062, (1998).

1   (2005).  Relying on the rule that an intentional tortfeasor may

2   not obtain indemnity from a negligent tortfeasor, the court in

3   *Don King* held that the defendants could not obtain indemnity for

4   their conversion claim based on a theory of negligence against

5   the satellite service provider.  *Don King*, 950 F. Supp. at 290.

6   Here, like in *Don King*, Defendants bring an indemnity claim

7   against their satellite service provider based on a negligence

8   theory.  DISH's motion to dismiss Defendants' state law

9   conversion claim on the basis that an intentional tortfeasor

10  cannot obtain indemnity against a negligent tortfeasor is **GRANTED**

11  with **LEAVE TO AMEND**.

12      In the alternative, DISH argues that Defendants' cross-claim

13  does not allege sufficient facts to state a negligence claim.

14  Defendants' cross-complaint contains very few facts.  Defendants

15  allege that DISH was "negligent or otherwise responsible for and

16  proximately caused" the exhibition of the boxing match.  (Doc. 8,

17  Cross-Compl. ¶ 11)  Defendants allege no facts to describe DISH's

18  negligence.  DISH's motion to dismiss Defendants' conversion

19  cross-claim is **GRANTED** with **LEAVE TO AMEND** on the grounds that

20  Defendants fail to allege facts to support a negligence claim.

21

22              **2.   Indemnity Based on Breach of Contract.**

23      Defendants argue that they are entitled to indemnity from

24  DISH based on DISH's breach of a purported sub-licencing

25  agreement DISH had with Plaintiff KingVision.  Defendants' cross-

26  claim contains no factual allegations regarding this contract.

27  Defendants' cross-claim contains no facts that support a claim

28  for explicit (contractual) indemnity or for implied contractual

**10**

indemnity.  *See* 5 Witkin at § 112.  DISH's motion to dismiss Defendants' conversion cross-claim is **GRANTED** with **LEAVE TO AMEND** on the grounds that Defendants fails to allege facts to support contractual or implied contractual indemnity.

### IV.   CONCLUSION

For all the forgoing reasons, DISH's motion to dismiss Defendants' federal-based cross-claims is **GRANTED WITH PREJUDICE**; and

DISH's motion to dismiss Defendants' state-based cross-claims is **GRANTED** with **LEAVE TO AMEND.**

Any amended complaint shall be filed within ten (10) days of electronic service of this order.

SO ORDERED.
DATED: October _5__, 2005.

/s/ **Oliver W. Wanger**

_____

**Oliver W. Wanger**
**UNITED STATES DISTRICT JUDGE**