**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KINGVISION PAY-PER-VIEW, LTD.,** | 1:05-cv-00280 OWW SMS |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE CROSS-DEFENDANT |
| v. | DISH NETWORK'S MOTION FOR ATTORNEY'S FEES (DOC. 37) |
| **ALFONSO ROCCO MANENTE, et al.,** | AND PLAINTIFF KINGVISIONS'S REQUEST FOR ATTORNEY'S FEES |
| Defendants. | (DOC. 39) |
| **ALFONSO ROCCO MANENTE, et al.,** | |
| Cross-Complainants, | |
| v. | |
| **DISH NETWORK Service Corporation, a Division of EchoStar Satellite, L.L.C., and DOES 1 through 10,** | |
| Cross-Defendants. | |

## I. INTRODUCTION

Cross-Defendant DISH Network Service L.L.C. (f/k/a DISH Network Service Corporation) ("DISH") and Plaintiff KINGVISION PAY-PER-VIEW, LTD. ("KINGVISION") move for attorney's fees after DISH successfully moved to dismiss the cross-claims of defendants and cross-complainants ALFONSO ROCCO MANENTE, and MARY CATHERINE MANENTE, individually and d/b/a MANENTE SPORTS BAR ("Defendants"). (Doc. 37.) Defendants oppose the fee requests. (Doc. 40.)

1

## II.  **PROCEDURAL HISTORY**

This case arises out of the complaint of Plaintiff KINGVISION, that defendants and cross-complainants Alfonso and Mary Manente (d/b/a Manente Sports Bar) unlawfully exhibited a televised pay-per-view boxing match in violation of two federal statutes, the Communications Act of 1934 (47 U.S.C. § 605) and the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553), and state law (conversion).  (Doc. 1, Compl. ¶¶ 1, 11-23.)

On May 17, 2005, Defendants filed a "cross-complaint" against DISH, their satellite service provider, for indemnification on both the federal and state law claims.[1]  (Doc. 8, Cross-Compl. ¶¶ 8-15, 16-18, 19-21.)  DISH moved to dismiss the cross-complaint.  (Doc. 14.)  By order dated October 5, 2005, the district court granted with prejudice DISH's motion to dismiss Defendants' claim for indemnity on the federal cause of action and granted with leave to amend DISH's motion to dismiss Defendants' claim for indemnity on the state cause of action.  (Doc. 33.)  DISH then submitted a proposed order which included language to the effect that DISH and KINGVISION be granted attorneys' fees and costs from Defendants for expenses incurred in filing DISH's motion to dismiss and/or appearing at the hearing on that motion.  (Doc. 35.)  The proposed order was inadvertently signed and entered on November 8, 2005.

---

[1] A cross-complaint, a procedure recognized under California state law to join a party, not presently a party to an existing party, is not authorized under federal law.  *See* Fed. R. Civ. P. 7, 13, and 14 regarding third-party practice.

2

Plaintiff KINGVISION submitted a declaration requesting a fee award of $1,487.50. (Doc. 36, filed Nov. 18, 2005). DISH submitted a motion for attorneys' fees along with three declarations (from three separate attorneys) requesting a total fee award of $3,628.50. (Doc. 37, filed Nov. 21, 2005.) Defendants oppose, arguing that neither KINGVISION nor DISH are entitled to fees under the applicable statutory provisions and, in the alternative, that the fee requests are unreasonable. (Doc. 40.)

### IV.  ANALYSIS

It appears that DISH's attorneys inserted into the proposed order language granting it attorneys fees, even though fees were not discussed or awarded in the memorandum decision. Nor was the subject of attorneys' fees discussed at oral argument on the motion.

DISH and KINGVISION base their request for fees on 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii). Both sections provide a cause of action to "any person aggrieved" by violations of the statutes' substantive provisions. Among other remedies, sections 553 and 605 provide for the award of "reasonable attorneys' fees to an <u>*aggrieved party who prevails*</u>." §§ 553(c)(2), 605(e)(2)(B); (emphasis added). Neither statute defines "aggrieved party."

Defendants point to one decision holding that Congress' inclusion of the modifier "aggrieved" in these fee-shifting provisions <u>precludes an award of attorney's fees to defendants</u>. *See VJC Prod., Inc. v. Kydes*, 903 F. Supp. 42, 43-44 (S.D. Ga.

**3**

1995).[2]  The reasoning in *VJC Productions* is sound:

> Having authored a "two-way street" fee-shifting statute in the past, 42 U.S.C. § 1988, Congress certainly knew how to enact the same component in 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii). "Where Congress knows how to say something but chooses not to, its silence is controlling." In re Haas, 48 F.3d 1153, 1156 (11th Cir.1995). By limiting these Cable Communications Policy Act fee-shifting statutes to an "aggrieved" party, rather than a mere "prevailing" party (under which a defendant may recover fees under 42 U.S.C. § 1988), Congress signalled its intention not to authorize fee awards for defendants in Cable Act cases.

*Id.*

DISH, in response, cites *Time Warner Cable of New York v. Olmo*, 977 F. Supp. 585, 590 (E.D.N.Y. 1997), in which a plaintiff was awarded fees "as the prevailing party." DISH emphasizes that the *Time Warner* court focused on the plaintiffs' status as a "prevailing party" rather than the statutory terminology "aggrieved party." The term "prevailing party" is used in the Federal Rules of Civil Procedure and is a well established and interpreted term in attorney's fees litigation. No such well-understood meaning exists for a §§ 553(c)(2)(C) or 605(e)(3)(B) "aggrieved party." *Time Warner* is not on point, as that case concerned an award to a prevailing plaintiff and the propriety of an award to a defendant was not even at issue.

Here, although the record would support a finding that DISH was wrongfully sued under sections 553 and 605, there is no basis for a finding that DISH was aggrieved by cross-complainant under these statutes. An award of attorneys' fees under either section 553 or section 605 to DISH is not appropriate.

---

[2]  *VJC Productions* appears to be the only published case addressing the issuance of fee awards to prevailing defendants in cases brought under either of the statutes at issue.

KINGVISION has not been "aggrieved" simply because it was forced to attend the hearing on DISH's motion to dismiss. Whether Plaintiff KINGVISION has been "aggrieved" under either statutory provision by virtue of Defendants' allegedly unlawful broadcast of the boxing match remains to be determined during the merits phase of this litigation.  If KINGVISION prevails on the merits, it may seek attorneys' fees at that time.

There may other mechanisms by which DISH can recover attorneys' fees. *See e.g., VJC Productions*, 903 F. Supp. at 44 ("Of course, nothing prevents [] defendants from seeking similar relief under other statutes or rules, such as F.R.Civ.P. 11."). No such alternative basis for relief has been advanced.

### IV.   CONCLUSION

For the reasons set forth above, DISH and KINGVISION'S requests for attorneys' fees (Docs. 36 & 37) are **DENIED WITHOUT PREJUDICE.**

The previously issued order on the motion to dismiss is **AMENDED BY STRIKING THE WORDS:** "IT IS FURTHER ORDERED that Dish Network and Plaintiff Kingvision Pay-Per-View Ltd., be granted attorneys' fees and costs from the Defendants concerning their expenses to file Dish Network's Motion to Dismiss and/or appear at the September 19, 2005, motion hearing."

**SO ORDERED.**
**Dated: January 12, 2006**

/s/ OLIVER W. WANGER
_____
Oliver W. Wanger

5

**UNITED STATES DISTRICT JUDGE**